**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ALCIDES MALDONADO,**

                   **Plaintiff,**

**-vs-**                                                               **Case No. 6:08-cv-12-Orl-19KRS**

**SANTOS BURGOS CORPORATION, d/b/a Guavate,**
**MARISOL SANTOS, LUIS SANTOS,**

                   **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND MOTION TO DISMISS CASE WITH PREJUDICE (Doc. No. 19)** |
| **FILED:** | May 13, 2008 |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

      This case was brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id*. at 1353. The parties' Joint Motion for Approval of Settlement and Motion to Dismiss Case with Prejudice, doc. no. 19, has been referred to me by the presiding district judge to determine whether the settlement is fair.

In his responses to the Court's interrogatories, Maldonado estimated that he was owed $4,440.15 in unpaid wages. Doc. No. 14. Under the settlement agreement, he will receive $4,176.26.[1] The parties were represented by counsel, who arrived at this settlement after review of the time sheets and payroll records. I find, under these circumstances, that the settlement reached is fair.

Accordingly, I respectfully recommend as follows:

1. The Court find that the amount received by Maldonado is a fair and reasonable resolution of a bona fide dispute over FLSA provisions;

2. The Court dismiss the case with prejudice without reserving jurisdiction to enforce the settlement agreement; and,

3. The Court direct the Clerk to close the file after an order of dismissal is entered.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 19, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[1] This includes past due wages and liquidated damages.